UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

2019 OCT 18  P 2: 01

SHARON MEEHAN

Plaintiff,

v.

QUICKEN LOANS, INC.,

Defendant.

CIVIL ACTION NO:

CA 19- 560

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

1. This is a civil action for equitable relief and for damages sustained by the Plaintiff Sharon Meehan.

## PARTIES

2. Plaintiff Sharon Meehan ("Meehan" or "Plaintiff") is an individual who resides at 325 Saw Mill Road, North Scituate, Rhode Island 02857.

3. Defendant Quicken Loans, Inc. ("Quicken" or "Defendant") is a Michigan corporation with a principal place of business located at 1050 Woodward Avenue, Detroit, Michigan 48226.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332, Plaintiff is a citizen and resident of Rhode Island. Defendant is incorporated and headquartered in Michigan. The amount in controversy exceeds $75,000., exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2) as the property that is the subject of this action is situated in Rhode Island, and many of the acts and omissions complained of herein occurred in Rhode Island.

## STATEMENT OF FACTS

6. At all times relevant herein, Plaintiff has been sole of the James J. Meehan Trust (the "Trust") which was established by Plaintiff's father James J. Meehan, Sr. on or about February 4, 1997.

7. Pursuant to the terms of the Trust, James J. Meehan, Sr., as the original trustee, directed that when both he and his wife (Muriel M. Meehan) died, the following events would automatically occur: (a) Plaintiff and her brother, John Meehan would become co-trustees of the Trust; and (b) said co-trustees would distribute the proceeds of the Trust in seven (7) equal shares among their children (including Plaintiff, her brother and co-trustee John Meehan, Jr, Kevin F. Meehan, Brian A. Meehan, James Meehan, Colin P. Meehan, and Patricia Meehan Koenig).

8. Thereafter, by Trustee's Deed and through the death of Muriel M. Meehan (on December 14, 2014), the Trust became the 100% owner of the property situated at 325 Saw Mill Road, North Scituate, Rhode Island (the "Property").

9. On February 6, 2014, John Meehan passed away, thus leaving Plaintiff as sole trustee of the Trust.

10. During in or about October 2016, Plaintiff began discussions with Defendant Quicken concerning a transaction whereby Quicken would provide financing of her purchase of the Property from the Trust with the proceeds of

Quicken's mortgage financing being distributed to the remaining beneficiaries pursuant to the above-referenced terms of the Trust.

11. Defendant Quicken ultimately agreed to provide financing for said transaction in the total amount of $288,526, with $46,410 going to pay off a pre-existing mortgage with Citizens Bank, and the remaining $228,000 going to Plaintiff as sole Trustee of the Trust for distribution among her and the other remaining beneficiaries pursuant to the terms of the Trust..

12. On March 9, 2017, Plaintiff signed closing papers reflecting those terms and payments, at the Property before a Notary Public for purposes of closing the transaction and effectuating the distributions to the beneficiaries as Trustee.

13. Without Plaintiff's knowledge or authorization, Quicken altered the closing documents so that the $228,000 in net proceeds that she signed off on and authorized to be sent to her as Trustee for distribution in equal parts to the beneficiaries was instead directed to be, and was sent by Quicken, 100% to Plaintiff's brother, James Meehan in Colorado.

14. Quicken has caused, maintained, and provided copies of altered closing documents that incorrectly attempt to establish that Plaintiff authorized the unlawful distribution by Quicken to James Meehan. This representation is fraudulently or negligently false as Plaintiff did not authorize the distribution to anyone but herself as sole trustee of the Trust for distribution to the beneficiaries pursuant to the terms of the Trust.

15. As a result of Quicken's misconduct, Plaintiff has suffered monetary damages, consequential damages, and emotional distress, and Quicken continues to pursue collection efforts and possible foreclosure of the Property.

## COUNT I (Fraud)

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above and incorporates them by reference herein.
17. Quicken made false representations of a material fact with knowledge of its falsity for the purpose of inducing Plaintiff to act thereon.
18. Plaintiff relied upon Quicken's representations as true and acted upon them to her damage.

## COUNT II (Negligent Misrepresentation)

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above and incorporates them by reference herein.
20. Plaintiff pleads this claim against Quicken in the alternative.
21. Quicken provided Plaintiff with false information with failure to exercise reasonable care or competence in obtaining or communicating the information he provided.
22. Plaintiff relied upon Quicken's representations as true and acted upon them to her damage.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor against Defendant Quicken;
B. Award compensatory, consequential, and punitive damages to the Plaintiff in an amount to be determined at trial, plus interest and all costs and fees incurred in this litigation;

C. Enter an Order enjoining Quicken from commencing or further pursuing collection or foreclosure proceedings against the Plaintiff; and

D. Grant such other relief as this Court deems just and proper.

Dated: October 18, 2019

_____
Sharon Meehan
Pro Se Plaintiff

Sharon Meehan
325 Saw Mill Rd
North Scituate, RI. 02857
C 781-808-8255
H 401-764-5091