```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
SHARON MEEHAN,                     )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 19-560 WES
                                   )
QUICKEN LOANS, INC.,               )
                                   )
          Defendant.               )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court are Plaintiff's Motion to Disqualify Opposing Counsel, ECF No. 26, and Plaintiff's Motion for Leave to Amend Complaint, ECF No. 27. For the reasons that follow, both Motions are DENIED.

I.   MOTION TO DISQUALIFY OPPOSING COUNSEL

Plaintiff seeks to disqualify Defendant's counsel, Attorney Kate MacLeman. Pl.'s Mot. to Disqualify Opposing Counsel 1. Plaintiff asserts that Attorney MacLeman has ridiculed and maligned her in an effort to intimidate. Id. at 1-2. As purported proof of these accusations, Plaintiff submits an email conversation between herself and Attorney MacLeman. See Pl.'s Mot. to Disqualify Opposing Counsel, Ex. A.  Having reviewed the exhibit, the Court finds that Attorney MacLeman's communications

to Plaintiff were appropriate and professional. See id. at 1-4. Accordingly, there is no reason for disqualification.

## II. MOTION FOR LEAVE TO AMEND COMPLAINT

On October 30, 2020, Plaintiff filed a previous Motion for Leave to Amend Complaint, ECF No. 20. Although the substance of the proposed amendment was not explicitly stated, the Motion implied that Plaintiff sought to add her husband as a plaintiff. See Mot. for Leave to Am. Compl. 1, ECF No. 20. The Court denied the Motion without prejudice due to Plaintiff's failure to attach a proposed amended complaint. See Nov. 25, 2020 Text Order.

Plaintiff has now refiled the same Motion; the only differences are that the signature line with her husband's name has been crossed out, and Plaintiff has signed and dated the document anew. See Mot. for Leave to Am. Compl. 1-2, ECF No. 27. It appears that Plaintiff may have misunderstood the reason for the previous denial because the renewed Motion once again does not include a proposed amended complaint. To be clear, a motion for leave to amend a complaint must "explain how the amended pleading differs from the original and why the amendment is necessary, and be accompanied by a complete and signed copy of the proposed amended pleading." DRI LR Cv 15. Without these components, the Court cannot determine whether leave to amend should be granted.

If Plaintiff files another motion for leave to amend, and she once again fails to comply with this requirement, that motion will

be denied <u>with prejudice</u>, meaning that she will not be allowed to file any more motions seeking to amend her Complaint.

III. CONCLUSION

    Plaintiff's Motion to Disqualify Opposing Counsel, ECF No. 26, and Plaintiff's Motion for Leave to Amend Complaint, ECF No. 27, are both DENIED.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
District Judge
Date:  March 31, 2021

3